## ASSOCIATED OIL COMPANY v. Briggs OWEN et al.  (No. 496.)

Court of Civil Appeals of Texas. Eastland.
Nov. 23, 1928.

Rehearing Denied Dec. 21, 1928.

See, also, 281 S. W. 607.

Baker, Botts, Parker & Garwood, of Houston, and Joe F. Orr, of Fort Worth, for appellant.

Grisham Bros., of Eastland, for appellees.

FUNDERBURK, J. The material facts and questions of law applicable to same, involved in this appeal, are deemed to be the same as in Associated Oil Co. v. Hart, 10 S. W.(2d) 791, recently decided by this court. It will therefore be unnecessary to make a statement of the case, further than to refer to the facts and issues involved in that case. The only issue in the trial court involved the proof of title to the minerals in place in particular tracts of land. The evidence on this issue was wholly documentary. The trial court held that appellant, being the plaintiff in the trial court, failed to prove title.

For the reasons discussed in Associated Oil Co. v. Hart, supra, the judgment of the trial court is affirmed.

## SECURITY NATIONAL FIRE INSURANCE CO. et al., Appellants, v. B. F. EUBANKS, Appellee.  (No. 3597.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 15, 1928.

King, Mahaffey & Wheeler, of Texarkana, for appellants.

Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. In June, 1927, the appellee, Eubanks, owned a tenant house situated in Bowie county, a few miles from the city of Texarkana, on which the appellants had issued tornado policies of insurance. This suit was filed against them to collect damages to the building, which it is alleged were caused by a windstorm occurring on or about June 4, 1927. A trial before a jury resulted in a verdict and judgment in favor of the appellee for the sum of $375.

The only question presented in this appeal is: Did the evidence support the finding of the jury that the building was damaged by a wind storm? The evidence relied on to show that the damages resulted from wind was largely circumstantial, and there was testimony which tended strongly to prove the contrary. It would serve no useful purpose to state that evidence in detail. After a careful examination of the testimony, we have concluded that the judgment should be affirmed. While the testimony was in some respects conflicting, we cannot say that it was insufficient to support the conclusion of the jury.

The judgment is therefore affirmed.

## TEXAS & PACIFIC RAILWAY COMPANY, Appellant, v. J. A. ROBISON, Appellee.  (No. 3593.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 8, 1928.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

J. A. R. Moseley, Jr., of Texarkana, for appellee.

HODGES, J. The appellee filed this suit against the appellant to recover damages resulting from the delayed shipment of a carload of bananas from New Orleans, La., to Texarkana, Ark. The damages sought and recovered in the trial court amounted to $325. In the appeal it is insisted that the evidence did not warrant a finding of negligence on the part of the appellant in transporting and delivering the bananas.

We have examined the record, and have concluded that we cannot say as a matter of law that the evidence was insufficient, and the judgment is accordingly affirmed.